UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LC TECHNOLOGY INTERNATIONAL,
INC.,

    Plaintiff,

v.                                    Case No.: 8:03-CV-2493-T17-EAJ

MEDIARECOVER, LLC,

    Defendant.
_____/

### ORDER

Before the court is **Defendant's Affidavit for Attorney's Fees and Costs** (Dkt. 104) and **Plaintiff's Response in Opposition to Defendant's Affidavit for Attorney's Fees.** (Dkt. 105)

On April 11, 2005, this court ordered Plaintiff to pay the reasonable attorney's fees and costs incurred in preparing Defendant's Motion for Sanctions and Defendant's Opposition to Plaintiff's Motion for Clarification. (Dkt. 97) The parties were ordered to confer and make all reasonable efforts to stipulate to an agreed upon amount for the monetary sanctions awarded by the order. If the parties were unable to reach an agreement on the sum of attorney's fees and costs, Defendant was directed to file an affidavit and supporting documentation detailing the reasonable attorney's fees and costs. (Dkt. 97 at 6) The order permitted

1

Plaintiff to file a counter-affidavit on the issue of fees and costs.

Although the parties conferred on the reasonable amount of attorney's fees and costs, the parties were unable to stipulate to an agreed upon amount of fees and costs. (Dkts. 104 and 105) Consequently, on May 3, 2005, Defendant filed an affidavit and supporting documentation requesting $1,171.94 in attorney's fees and costs.[1] The amount requested by Defendant represents: (1) 4.4 hours at a rate of $250.00 per hour for work completed by Plaintiff's attorney, Justin E. LaVan ("LaVan"), and (2) $71.94 for electronic legal research, photocopying, long distance telephone calls and postage relating to the motions. (Dkt. 104)

The court may rely upon its own experience and expertise in determining a reasonable hourly rate:

> The court, either trial or appellate, is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.

Norman v. Housing Authority of the City of Montgomery, et al., 836 F.2d 1292, 1303 (11th Cir. 1988).[2]  Relying on its experience,

---

[1] The court will treat Defendant's affidavit and supporting documentation as a motion for attorney's fees and costs.

[2] See also American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F. Supp. 2d 1301, 1310 (M.D. Fla. 2003)(a court may rely on its own expertise and judgment in order to independently scrutinize the value of an attorney's

2

expertise, and independent judgment as well as the submissions of the parties, this court finds that the hourly rate of $250.00 claimed for Defendant's attorney, LaVan, are justified. Moreover, Plaintiff does not dispute the hourly rate of charged by LaVan. (Dkt. 105 at 2)

As with the hourly rate analysis, the fee seeking attorney bears the burden of establishing entitlement to the fee by properly documenting the time expended.   Norman, 836 F.2d at 1303. Defendant's counsel claims 4.4 hours for preparing and finalizing Defendant's Motion for Sanctions, Defendant's Declaration in Support of Motion for Sanction, and Defendant's Response to Plaintiff's Motion for Clarification.  The 4.4 hours claimed are reflected in attorney time-sheets. (Dkt. 104-6)  The entries in the time-sheets contain the date the service was rendered, a description of the service, the time expended, and LaVan's hourly rate for his services.  Likewise, the costs are itemized in an eight-page cost listing.  (Dkt. 104-6)

Objections from fee opponents must be specific and precise: "A fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal."[3]  Here, Plaintiff merely alleges that Defendant's motion was not extensive in length and no legal research was required.  (Dkt. 105 at 2) In

---

professional services).

[3]American Charities, 278 F. Supp. 2d at 1314.

opposing Defendant's request for attorney's fees and costs, Plaintiff fails to identify which hours and/or services it believes are unnecessary or duplicative. Plaintiff simply contends that two hours of work at $250.00 per hour is a reasonable award. (Id.) Moreover, Plaintiff does not challenge the amount of costs incurred in preparing Defendant's motions.

After a careful consideration of Defendant's submissions and Plaintiff's objections, the court concludes that $1,171.94 is a reasonable amount of attorney's fees and costs incurred in preparing Defendant's motions.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1) Defendant's Motion for Attorney's Fees and Costs is **GRANTED**; and,

2) Defendant's counsel shall be awarded $1,171.94 in attorney's fees and costs and shall pay that amount within 20 days.

**DONE** and **ORDERED** in Tampa, Florida this 24th day of May 2005.

ELIZABETH A JENKINS
United States Magistrate Judge