UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LC TECHNOLOGY
INTERNATIONAL, INC.,

       Plaintiff,

vs.                                  CASE NO.: 8:03-cv-2493-T-MAP

MEDIARECOVER, LLC,

       Defendant/Third
       Party Plaintiff,

vs.

DAVID ZIMMERMAN,

       Third Party
       Defendant.
_____/

## ORDER

     This cause came before the Court on Defendant MediaRECOVER's Motion for Attorneys' Fees and Costs (doc. 229).   After prevailing on its counterclaims against LC Technology International, Inc. ("LCT"), MediaRECOVER seeks attorneys' fees and expenses pursuant to Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.211(2).[1]   After consideration, I find that MediaRECOVER is entitled to $222,032.30 in attorneys' fees.[2]

_____

[1]   MediaRECOVER also seeks fees pursuant to Fla. Stat. § 501.2105(5), but this paragraph applies only to "civil litigation initiated by the enforcing authority."   Under FDUTPA, "enforcing authority" means the office of the state attorney or the Department of Legal Affairs.   *See* Fla. Stat § 501.203(2).   Thus, § 501.2105(5) is inapplicable to this suit between private parties.

[2]   The response to MediaRECOVER's motion (doc. 235) was filed on behalf of both LCT and third party defendant David Zimmerman.   This Court found only LCT, and not Zimmerman, liable for violating FDUTPA.   *See* Order (doc. 225) at 21, n.18.   Thus, there is no basis for awarding fees against Zimmerman.

Section 501.211(2) of FDUTPA provides that "[i]n any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in § 501.2105." Section 501.2105(1) provides that "[i]n any civil litigation resulting from an act or practice involving a violation of this part, . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." An award of fees pursuant to § 501.2105 is discretionary, not mandatory. *See JES Prop., Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1291 (M.D. Fla. 2006). A prevailing party under FDUTPA may recover fees for the hours spent on the entire litigation and need not allocate time between the FDUTPA count and other alternative counts, except where a portion of the services was "totally unrelated to the 501 claim" or "clearly beyond the scope of a 501 proceeding." *See Smith v. Bilgin*, 534 So. 2d 852, 854 (Fla. 1st DCA 1988).

MediaRECOVER seeks $245,603.65 in fees and $47,940.81 in costs plus interest. MediaRECOVER supports its motion with affidavits from its attorneys and more than 250 pages of detailed billing records. In opposition to MediaRECOVER's motion, LCT filed a scant two-page response. LCT cited no legal authority challenging MediaRECOVER's right to fees under FDUTPA, nor did it object to the hourly rates charged by MediaRECOVER's attorneys, and it failed to identify any hours that were allegedly unnecessary or duplicative. Instead, LCT only stated its general opposition to MediaRECOVER's motion and requested an evidentiary hearing, relying on two state cases.[3]

---

[3] Even under Florida law, an evidentiary hearing may not be required in every case. *See Phillips v. Florida Comm'n on Human Relations*, 846 So. 2d 1221 (Fla. 5th DCA 2003) (determining fee award based on affidavits); *but see Nants v. Griffin*, 783 So. 2d 363, 365 (Fla. 5th

2

Under Eleventh Circuit law, a court is not required to hold an evidentiary hearing to decide a motion for attorney's fees. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("It is perfectly proper to award attorney's fees based solely on affidavits in the record"). A court may rely on its own expertise in determining what constitutes a reasonable and proper fee, and need not rely on the testimony of expert witnesses. *See id.* Although an evidentiary hearing may be necessary "where there were disputes of fact, and where the written record was not sufficiently clear to allow the trial court to resolve disputes of fact," *see id.*, MediaRECOVER has supported the hours claimed with billing records that detail the work performed, and LCT has not contested any of the facts in MediaRECOVER's motion or supporting documentation. Therefore, this Court finds that it is not necessary to hold an evidentiary hearing.

A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The party seeking fees bears the burden of "producing satisfactory evidence that the requested rate is in line with prevailing market rates," and the Eleventh Circuit has stated that "satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299. In this case, however, LCT has not made any specific objection to the hourly rates; nonetheless, this Court, relying on its experience and independent judgment, finds that

---

DCA 2001) ("[A] court's reliance solely on affidavits to determine the reasonableness of attorney's fee constitutes error."). Nonetheless, to the extent Florida law and federal law conflict on this point, federal law controls. *See Schafler v. Fairway Park Condominium Ass'n*, 324 F. Supp. 2d 1302, 1311 (S.D. Fla. 2004) (finding that both federal and Florida law allow for attorney's fee awards to be based on affidavits and billing records without the need for an evidentiary hearing, but determining that even if Florida law conflicted with federal law on this point, federal law would control).

3

the hourly rates charged by the attorneys and supporting staff on this case are reasonable.[4]

The party seeking fees also has the burden of documenting the time expended.  *See Norman*, 836 F.2d at 1303.  In support of its motion, MediaRECOVER has provided more than 250 pages of documents with detailed time entries and cost listings.  LCT has not objected to any of these time entries or costs.  Parties opposing fee applications have a duty to make their objections "specific" and "reasonably precise."  *See American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999); *see also Norman*, 836 F.2d at 1301 ("Generalized statements that the time spent was reasonable or unreasonable . . . are not particularly helpful and not entitled to much weight . . . . As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.").  "[A] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal."  *See American Charities for Reasonable Fundraising Regulation, Inc., v. Pinellas County*, 278 F.Supp.2d 1301, 1314 (M.D. Fla. 2003).  Because the time spent on the case by MediaRECOVER's attorneys is well-documented and LCT failed to make any specific objections, this Court finds that MediaRECOVER is entitled to most of the fees it seeks.

In any event, under Florida law, MediaRECOVER may not recover fees for work that was "totally unrelated to the 501 claim" or "clearly beyond the scope of a 501 proceeding."  *See Smith*, 534 So. 2d at 854.  This Court finds that the following categories of work are clearly beyond the scope of the FDUTPA claim: (1) work defending against LCT's claims that did not relate to

---

[4] The hourly rates for MediaRECOVER's attorneys and supporting staff were as follows: $325 per hour for George A. LaMarca, $250 per hour for Justin E. LaVan, between $250 and $98 per hour for other personnel at LaMarca & Landry, P.C., and between $210 and $295 per hour for Glenn Johnson (Johnson's hourly rate increased during the litigation).

4

allegations of copying or unlawful use of the source code;[5] (2) work involving the Iowa declaratory judgment action or the Alexander Grau litigation; (3) work relating to the third-party complaint against Zimmerman (which did not include an unfair competition count); (4) work relating to the civil conspiracy and concert of action counts (which were unsuccessful, and which involved a different set of facts); and (5) public relations work.  This Court made deductions when the time entries referenced these categories of work.  Where one of these unrelated categories appeared alongside work related to the FDUTPA claim in a single time entry, this Court deducted the entire time entry.  *See American Charities*, 278 F. Supp. 2d at 1316, n.9 ("[W]here an objectionable entry is 'block-billed,' i.e., grouped together with non-objectionable tasks without allocating the time spent on each task, the entire entry should be eliminated because the amount of time devoted to the objectionable task cannot be determined.").[6]  This Court has therefore deducted $23,571.35 from

---

[5]  In general, the work defending against LCT claims is intertwined with the FDUTPA counterclaim, because in order to prevail on the FDUTPA claim, MediaRECOVER had to prove that that LCT's allegations of unlawful copying and "stealing code" were false.  Nonetheless, the Court has made deductions where the work clearly was unrelated to the FDUTPA claim, such as work relating to the removal of the case to federal court or LCT's standing to bring suit.

[6]  From LaMarca's work, the deductions were: .35 hours on November 20, 2003; .25 on January 20, 2004; .3 on February 2, 2005; .2 on March 5, 2004; .65 on March 2, 2005; and 1.2 on July 11, 2007 (a total of 2.95 hours billed at $325 per hour).  From LaVan's work, the deductions were: 3.5 on November 20, 2003; 1.25 on November 24, 2003; 8 on December 1, 2003; .25 on December 3, 2003; 2.5 on December 4, 2003; 6 on December 8, 2003; 4.25 on December 9, 2003; 2.5 on December 16, 2003; 1.5 on December 23, 2003; .25 on January 7, 2004; .25 on January 14, 2004; .25 on January 21, 2004; .5 on January 29, 2004; .5 on February 2, 2004; .5 on February 23, 2004; 2 on February 24, 2004; .25 on June 7, 2004; .25 on June 7, 2004; 4 on July 14, 2004; 3 on July 15, 2004; 6.5 on July 16, 2004; .25 on October 4, 2004; .5 on December 1, 2004; .25 on January 13, 2005; .75 on February 21, 2005; 2.4 on February 22, 2005; .2 on April 11, 2005; 2.8 on March 8, 2005; .3 on March 8, 2005; .3 on March 8, 2005; .5 on March 8, 2005; 1.2 on May 13, 2005; 2 on May 4, 2007; 8.5 on May 7, 2007; 7.5 on May 10, 2007; .3 on May 18, 2007; .2 on June 11, 2007; .3 on June 12, 2007; .4 on June 19, 2007; .1 on June 20, 2007; .2 on June 21, 2007; .1 on June 25, 2007; .2 on June 11, 2007 (a total of 77.25 hours billed at $250 per hour). From work by other LaMarca & Landry, P.C. personnel, the deductions were: 2.5 on July 8, 2004; 3 on July 9, 2004; 3

the total amount of fees requested by MediaRECOVER.  Thus, after reviewing MediaRECOVER's

submissions, this Court concludes that $222,032.30 is a reasonable amount of attorneys' fees.

Although MediaRECOVER also requests an award of costs under FDUTPA, an award of

costs is governed by federal law.  *See Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th

Cir. 1983); *see also* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL

PRACTICE AND PROCEDURE § 2669 (3d ed. 1998).  Thus, MediaRECOVER's request for an award

of costs beyond those provided for in 28 U.S.C. § 1920 is unavailing.   Despite the fact that 28

U.S.C. § 1920 allows the Court or the Clerk to tax costs, Fed. R. Civ. P. 54(d)(1) makes plain the

Clerk taxes initially.[7]  Commentators have observed "[t]he function of the court in the process of

---

on July 13, 2004; 3 on July 14, 2004 (a total of 11.5 hours billed at $115 per hour); and .5 on June 3, 2005; 3.5 on June 6, 2005; 2 on May 31, 2005; 2 on June 1, 2005; and .7 on June 19, 2006 (a total of 8.7 hours billed at $98 per hour).  For work by Glenn Johnson, the deductions were: 1.2 on November 6, 2003; .7 on December 16, 2003; .3 on January 30, 2004; .3 on June 7, 2004 (a total of 2.5 hours billed at $210 per hour); and .5 on March 18, 2005; .7 on April 11, 2005; and 1.3 on May 13, 2005 (a total of 2.5 hours billed at $240).

[7]  Section 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54(d)(1), on the other hand, states:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .   Such costs may be taxed *by the clerk* on one day's notice (emphasis added).

taxing costs is merely to review the determination of the clerk.  Therefore, nothing normally can come before the court until the clerk has acted and an objection has been made."  10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2679 (3d ed. 1998); *accord Sharon v. Yellow Freight Sys., Inc.*, 985 F. Supp. 1274, 1275 (D. Kan. 1997) (the clerk taxes the costs).  Admittedly, Local Rule 4.18, supports the filing of a motion ("all claims for costs or attorney's fees ... shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment").  Regardless, because Local Rule 4.18 conflicts with Rule 54, Rule 54 controls.  *See* Fed. R. Civ. P. 83(a)(1) (Local Rules are to be consistent Federal Rules of Civil Procedure).  Thus, MediaRECOVER must wait for the Clerk to act on its proposed bill of costs (doc. 231), and only after that may the parties object and seek judicial review.  *See, e.g.*, *Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 911 (M.D. Fla. 1989), *aff'd mem.,* 914 F.2d 267 (11th Cir. 1990), *not followed on other grounds by EEOC v. W&O Inc*., 213 F.3d 600 (11th Cir. 2000).

Accordingly, it is hereby  ORDERED that:

1.  MediaRECOVER's Motion for Attorneys' Fees and Costs (doc. 229) is GRANTED in part and DENIED in part.

2.  LCT is directed to pay MediaRECOVER attorneys' fees in the amount of $222,032.30.[8]

---

[8]  On May 24, 2005, the Court awarded MediaRECOVER $1,171.94 in attorney's fees and costs incurred in preparing MediaRECOVER's Motion for Sanctions and MediaRECOVER's Opposition to Plaintiff's Motion for Clarification.  *See* doc. 106.  The billing records supporting MediaRECOVER's motion include entries for work on the Motion for Sanctions and the Opposition to LCT's Motion for Clarification.  If this amount is included in the total amount of fees requested by MediaRECOVER, and if this amount has been paid, it should be deducted from the total awarded here.

3.      The Clerk is directed to close the case.

DONE AND ORDERED at Tampa, Florida on September 11, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:      Counsel of Record